[Civ. No. 24066. Third Dist. Oct. 29, 1985.]

LINDA JANE CARLILE, Plaintiff and Appellant, v.
FARMERS INSURANCE EXCHANGE et al.,
Defendants and Respondents.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 971.6 and 976(b), this opinion is certified for publication with the exception of parts II and III.

## COUNSEL

Bob Belz for Plaintiff and Appellant.

Kroloff, Belcher, Smart, Perry & Christopherson, Christopher Engh, Greines, Martin, Stein & Richland, Irving H. Greines and Feris M. Greenberger for Defendants and Respondents.

## OPINION

**CARR, J.**—The essential issue presented by this appeal is whether an insurer is liable in damages for failure to attempt in good faith to settle a third party claim, a violation of Insurance Code section 790.03, subdivision (h)(5), when its insured refuses to consent to the settlement, such consent being a prerequisite under the insurance policy provisions. We hold the insurer is not liable for damages for failure to settle under such circumstances and shall affirm the summary judgment in favor of defendants from which plaintiff appeals.

## FACTS

Plaintiff, injured when she slipped and fell while visiting a patient at the Dameron Hospital in Stockton, sued the hospital for damages for her personal injuries. The hospital was insured under a comprehensive hospital liability policy issued to the California Hospital Association by Truck Insurance Exchange (Truck). (See *Garcia* v. *Truck Ins. Exchange* (1984) 36 Cal.3d 426 [204 Cal.Rptr. 435, 682 P.2d 1100].) Under the policy, the hospital was liable for a proportional share of any damages paid to a claimant. The policy further contained a provision prohibiting settlement of any claim against the hospital without the hospital's consent. The hospital's administrator refused to settle with plaintiff, the matter proceeded to trial, with plaintiff receiving a judgment for $6,851.72 in damages and $180.50 for costs. The hospital paid $3,616.11 of the judgment; Truck paid the balance.

Plaintiff then filed a complaint against several insurance companies, including Truck,[1] and the hospital and its administrator, alleging violation of Insurance Code section 790.03 and intentional infliction of emotional distress. Specifically, plaintiff alleged defendants violated Insurance Code section 790.03, subdivision (h)(3), in "[f]ailing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies"; and subdivision (h)(5), in "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." Compensatory damages and punitive damages in the sum of $10 million were sought. (Civ. Code, § 3294.) The parties stipulated to strike from the complaint any reference to subdivision (h)(3) of section 790.03.

The insurance companies moved for summary judgment or, alternatively, for summary adjudication of the issue of punitive damages, asserting the insurance policy issued by Truck required it to secure the hospital's approval before settling plaintiff's claim and that a representative of Truck had discussed settlement of plaintiff's claim with the hospital administrator, Dr. Arismendi, but Dr. Arismendi adamantly refused to settle as he believed the hospital was not liable. Further that in view of Dr. Arismendi's sincerely held belief and his insistence on a trial, Truck did not pressure or coerce him to accept settlement.

Defendants attached declarations by Dr. Arismendi and Roland Gatheral, a Truck claims manager. Dr. Arismendi stated that at all times he believed

---

[1]Plaintiff named as defendants Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange, Mid-Century Insurance Company, and Farmers New World Life Insurance Company, all companies within the Farmers Insurance Group.

the hospital did not act negligently or improperly toward plaintiff in connection with her injury; that he believed the hospital would prevail on plaintiff's lawsuit; that he discussed the case with a representative of Truck and the hospital's attorney, and requested that the hospital be "given its day in court"; and that the hospital refused to settle. Mr. Gatheral stated he discussed settlement possibilities with Dr. Arismendi; that the hospital would not consent to a settlement; that Dr. Arismendi believed the hospital was not negligent and would prevail at trial; that defense counsel believed the hospital had a "respectable" chance of a favorable verdict; and that in view of Dr. Arismendi's beliefs, he (Mr. Gatheral) was "disinclined" to pressure the hospital to settle and waive its right to trial.

In opposition to defendants' motion, plaintiff contended Truck violated its duty to attempt in good faith to effectuate settlement by, inter alia, failing to arbitrate the issue of settlement with the hospital when liability was reasonably clear, and failing to adequately investigate plaintiff's claim. Plaintiff attached a copy of the policy issued by Truck, which provides that in the event Truck and the hospital disagree as to whether to settle a particular claim, the matter shall be submitted to a board to be appointed by the California Hospital Association whose decision will be final. Plaintiff's attorney, Mr. Belz, filed a declaration that on several occasions plaintiff offered to settle for $4,500 and was told by defendants' attorney this was reasonable.

After an *in camera* inspection, the court permitted plaintiff discovery of several documents from the file of defendants' attorney relating to the settlement negotiations. These documents disclose that as of May 28, 1980, the accident having occurred in May 1979, plaintiff had made a settlement offer of $4,000. Truck's counsel believed "this is a case of liability" and the settlement offer "is indeed reasonable." In an interoffice correspondence dated September 3, 1980, Mr. Bansmer, a Truck claims adjuster, noted the settlement demand was $4,000 and that Dr. Arismendi refused to settle. Mr. Bansmer stated Truck's attorney believed it had a "one out of four" chance of prevailing at trial and it would probably lose in any arbitration with plaintiff. Mr. Bansmer believed "this is a *case to settle.*" (Original italics.) On February 26, 1981, defendants' attorney reiterated his opinion that "this is a case of liability" but believed there was "some chance" of prevailing at trial. On April 7, 1981, Mr. Gatheral noted in an interoffice correspondence that Dr. Arismendi still refused to settle. He requested authority "to do what the administrator wants" and noted defendants' counsel believed that they had a one in four chance of prevailing. A final memo dated October 16, 1981, reveals the settlement demand was reduced to $2,725.47 but Dr. Arismendi still refused to settle.

The court granted defendants' motion for summary judgment, concluding "as a matter of law" the hospital's refusal to settle precluded Truck from being liable for violation of the Insurance Code; further, that Truck's failure to press arbitration of the settlement issue was "absolutely no evidence of a violation of section 790.03 (h)(5)."

I

■ "Summary judgment is granted when all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c.) It is a drastic remedy eliminating trial and therefore the moving party's declarations must be strictly construed and the opposing party's declaration liberally construed. [Citation.] If there is any issue of material fact to be tried, summary judgment must be denied. [Citation.]" (*Hepp* v. *Lockheed-California Co.* (1978) 86 Cal.App.3d 714, 717 [150 Cal.Rptr. 408].)

Plaintiff's cause of action is premised on a violation of the Insurance Code provisions which prohibit persons who engage "in the business of insurance" from committing specified unfair and deceptive claims practices. Specifically, plaintiff brought her action under Insurance Code section 790.03, subdivision (h)(5), which prohibits insurers from "knowingly," or "with such frequency as to indicate a general business practice," "[n]ot attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear."[2]

■ We note initially that under Insurance Code section 790.03, subdivision (h)(5), "[t]he insurer is not *required* to settle claims in which liability is reasonably clear, it is simply required to make a good faith *attempt* to reach settlement." (*Beckham* v. *Safeco Ins. Co. of America* (9th Cir. 1982) 691 F.2d 898, 903, fn. 3, italics added.) It is undisputed that Truck believed this was a case of liability and it considered plaintiff's offer reasonable. It attempted to settle by discussing the matter with Dr. Arismendi, but Dr. Arismendi was convinced the hospital was not liable and refused to settle. Truck, respecting the hospital's right to defend its position in court, did not further attempt to settle. In so doing, Truck acted in accordance with the term of the policy which prohibits it from negotiating or reaching a settlement without the consent of the hospital.[3]

---

[2]Third party claimants may bring civil actions for damages for violation of section 790.03, subdivision (h)(5). (*Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880, 888 [153 Cal.Rptr. 882, 592 P.2d 329].)

[3]The settlement provision reads, in relevant part: "[N]o negotiation or settlement shall be made of any claim or suit without the agreement of the hospital organization against whom the claim is made. In the event of disagreement as to whether or not a particular settlement should be made by the Company [Truck], the matter shall be submitted to a board to be appointed by the California Hospital Association, on which the Company shall be represented by one member. The decision of such board shall be final; . . ."

Plaintiff contends Truck acted in bad faith by failing to submit the matter to arbitration under the terms of the contract. (See fn. 3, *ante.*) In effect, plaintiff contends a triable issue of an insurer's bad faith toward a third party claimant is raised solely by the fact the insurer legitimately accedes to the wishes of its insured instead of compelling arbitration. Plaintiff thereby seeks to enforce a provision of the insurance contract not intended for her benefit. "Generally, a policy of indemnity insurance will not inure to a third party's benefit unless the contract makes such an obligation express, and any doubt should be construed against such intent." (*American Home Ins. Co.* v. *Travelers Indemnity Co.* (1981) 122 Cal.App.3d 951, 967 [175 Cal.Rptr. 826].) "A third party should not be permitted to enforce covenants made not for his benefit, but rather for others. He is not a contracting party; his right to performance is predicated on the contracting parties' intent to benefit him. [Citations.] As to any provision made not for his benefit but for the benefit of the contracting parties . . . he becomes an intermeddler. Permitting a third party to enforce a covenant made solely to benefit others would lead to the anomaly of granting him a bonus after his receiving all intended benefit." (*Murphy* v. *Allstate Ins. Co.* (1976) 17 Cal.3d 937, 944 [132 Cal.Rptr. 424, 553 P.2d 584].)

When Truck and the hospital paid the judgment in the original action, plaintiff "received all benefit contemplated by the policy." (*Ibid.*) The arbitration clause exists solely for the benefit of Truck and the hospital as a means of resolving disagreements between themselves. In attempting to invoke the clause for her own benefit, plaintiff becomes an "intermeddler."

Plaintiff asserts she is not attempting to enforce the contract but her statutory rights under Insurance Code section 790.03. This statute imposes on the insurer only a duty to *attempt* in good faith to settle the claim. The statute does not specify what the insurer must do before it reaches the threshold of good faith. Plaintiff seeks to define that standard of conduct by the terms of the contract by asserting that an insurer must arbitrate all disagreements with the hospital or face possible liability for bad faith. Plaintiff, in short, urges she has the right to enforce the arbitration clause for her own benefit. We find no such right.

Truck was given a settlement offer of $4,000. It believed it was a case of liability but felt it had a 25 percent chance of prevailing at trial. It discussed settlement with Dr. Arismendi. He insisted in apparent good faith that the hospital was not liable, refused to settle at any sum, and stayed firm on proceeding to trial. Truck, respecting the sincerity of Dr. Arismendi's beliefs and his right to a trial, did not arbitrate its disagreement over settlement. In accordance with the terms of the contract, Truck did not further negotiate or attempt to settle with plaintiff against the hospital's wishes.

Under these circumstances, there is no triable issue with respect to the good faith of Truck. To accept plaintiff's position would compel insurers to take every step within their power to settle before they are deemed to have acted in good faith. The statute imposes no such requirement. Defendants' motion for summary judgment and the declarations attached thereto establish Truck attempted in good faith to settle plaintiff's claim. Plaintiff's responsive papers do not raise a triable issue of material fact. Defendants are entitled to summary judgment. (*LaRosa* v. *Superior Court* (1981) 122 Cal.App.3d 741, 745 [176 Cal.Rptr. 224].)

II-III*

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Regan, J., concurred.

---

*See footnote, *ante,* page 975.