[No. F011591. Fifth Dist. May 2, 1990.]

RAY W. KILPATRICK et al., Plaintiffs and Appellants, v.
JOEL ALLEN BEEBE, Defendant and Respondent.

[Opinion certified for partial publication.*]

---

* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication
with the exception of parts II, III-B and III-C.

**COUNSEL**

Linda F. Robertson for Plaintiffs and Appellants.

Martin, Crabtree, Schmidt & Zeff and Thomas D. Zeff for Defendant and Respondent.

**OPINION**

**THAXTER, J.—**

### I.

### INTRODUCTION

We review a summary judgment enforcing an oral, out-of-court agreement settling this personal injury action. Appellants, plaintiffs below, contend that summary judgment is no longer an available method for enforcing such settlements since the enactment of Code of Civil Procedure section 664.6.[1] Alternatively, appellants argue summary judgment should have been denied because of the existence of a triable issue of material fact. We reject both contentions and affirm.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

## II.

### FACTS *

. . . . . . . . . . . . . . . . . . . . . .

## III.

### DISCUSSION

A. *Settlement Agreements Can Still Be Enforced by Summary Judgment*

■   Appellants concede that, prior to 1982, a proper means of enforcing a disputed settlement was motion for summary judgment pursuant to section 437c. (*Duran* v. *Duran* (1983) 150 Cal.App.3d 176, 179 [197 Cal.Rptr. 497].) However, they contend that enactment of section 664.6 removed this avenue for enforcement.

Section 664.6 provides: "If parties to pending litigation stipulate, in writing or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement."

Appellants contend in effect that section 664.6 was intended to provide an exclusive means of enforcing settlements. Such a conclusion would mean that no oral, out-of-court settlements could be enforced short of trial.

Nothing in the language of section 664.6 suggests it was intended to be exclusive. Rather, it appears to do nothing more than provide a streamlined method for reducing a stipulated settlement to judgment. As this court observed in *City of Fresno* v. *Maroot* (1987) 189 Cal.App.3d 755 [234 Cal.Rptr. 353]: "In summary, section 664.6 is an expedient and cost effective means of enforcing a settlement agreement. *It is a valid alternative to a motion for summary judgment* when a question of fact exists that can justly be resolved by a court sitting as a trier of fact based on the supporting papers filed with the motion. This means of enforcing a settlement, however, should only be *utilized when the circumstances in which the settlement agreement was reached, or the record of the settlement, minimizes the possibility of conflicting interpretations.* . . ." (*Id*. at p. 762, italics added.)

---

*See footnote, *ante,* page 1527.

Appellants have failed to cite any case law holding that summary judgment is no longer available to enforce a settlement. Indeed, several cases decided after enactment of section 664.6 suggest the opposite. (See, e.g., *Gorman* v. *Holte* (1985) 164 Cal.App.3d 984, 989 [211 Cal.Rptr. 34] ["Oral agreements to compromise and settle lawsuits . . . are enforceable in a number of ways, including . . . by motion for summary judgment . . ."], and *Corkland* v. *Boscoe* (1984) 156 Cal.App.3d 989, 991 [203 Cal.Rptr. 356] ["The Legislature has now provided that a motion to enter judgment pursuant to such a settlement *need not be* a motion for summary judgment."], italics added.)

Appellants' argument is based on their assertion that by omitting oral, out-of-court settlements from section 664.6, "the Legislature meant to limit enforcement of settlements by pretrial motion to situations where it is reasonably ascertainable whether an actual meeting of the minds of the parties had actually taken place." While that statement may accurately describe the Legislature's purpose in limiting application of the more expedient procedure of section 664.6, it does not support a conclusion that the Legislature intended to make the traditional summary judgment procedure unavailable for settlements not described in section 664.6.

We see no plausible public policy reason for denying pretrial enforcement in the rare case involving an oral, out-of-court settlement which meets all the stringent requirements for summary judgment. If the Legislature had intended to make section 664.6 an exclusive remedy, it could have expressed that intention. It failed to do so. We conclude that summary judgment remains an available remedy for enforcing settlement agreements.

B., C.*

. . . . . . . . . . . . . . . . . . . . .

.

## IV.

### Disposition

The judgment is affirmed. Respondent shall recover his costs on appeal.

Martin, Acting P. J., and Ardaiz, J., concurred.

---

* See footnote, *ante.* page 1527.