[No. B089875. Second Dist., Div. Two. Apr. 26, 1996.]

IRENE ROBERTSON et al., Plaintiffs and Respondents, v.
KOU-PIN CHEN et al., Defendants and Appellants.

COUNSEL

Knapp, Petersen & Clark and Cyril Czajkowskyj for Defendants and Appellants.

Richard M. Katz for Plaintiffs and Respondents.

OPINION

ZEBROWSKI, J.—The Robertson plaintiffs sued the Chen defendants following an automobile collision. Shortly before the scheduled trial date, each side filed a mandatory settlement conference (MSC) statement signed by counsel but not by the parties. The Chens' statement described a defense settlement offer which plaintiffs had previously rejected, stating that the offer would remain open until trial. The plaintiffs later decided to accept the offer. However, the defendants claimed the offer had been revoked before

the plaintiffs communicated their acceptance. Plaintiffs moved for enforcement of the offer as a settlement pursuant to Code of Civil Procedure 664.6 (hereafter section 664.6), and the trial court granted the motion.

■ The Chen defendants appeal, contending that entry of judgment was erroneous because (1) the requirements of section 664.6 had not been satisfied, and (2) the alleged agreement could not otherwise be summarily enforced because a triable issue existed regarding whether an agreement had been formed. We agree and reverse.

1. *There was no writing "signed by the parties" settling the case.*

Section 664.6 provides that a settlement may be summarily enforced if it is embodied "in a writing signed by the parties."[1] Shortly after the instant case was decided in the trial court, the Supreme Court decided *Levy* v. *Superior Court* (1995) 10 Cal.4th 578 [41 Cal.Rptr.2d 878, 896 P.2d 171] (*Levy*). The question in *Levy* was whether a settlement agreement signed by an attorney, but not by the party, could be enforced pursuant to section 664.6. That question was answered in the negative—the signature of the party was found necessary.[2]

The basis for the decision in *Levy, supra,* 10 Cal.4th 578, 583, was that concluding a settlement is not merely an action "incidental to the management of the lawsuit," but rather an action that ends the lawsuit. Since settlement so directly affects the party's "substantial rights," it was considered to be a serious step that requires the party's knowledge and express consent. (*Id.* at p. 584.) The *Levy* court thus concluded that before a written settlement agreement is enforceable pursuant to section 664.6, the writing must be signed by the parties themselves. The *Levy* court considered the writing and party-signature requirements to support the summary nature of the section 664.6 procedure by minimizing the possibility of conflicting interpretations of the settlement. (10 Cal.4th at p. 585.) *Levy* was ruled retroactive by *Johnson* v. *Department of Corrections* (1995) 38 Cal.App.4th 1700, 1709-1710 [45 Cal.Rptr.2d 740].

As discussed below, special considerations not discussed in *Levy* apply when a settlement is concluded by insurance counsel appointed by a carrier which is providing defense and indemnity without reservation. Even taking those special considerations into account, however, the instant judgment

---

[1] Current section 664.6 provides: "If parties to pending litigation stipulate, *in a writing signed by the parties* outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. . . ." (Italics added.) The words "signed by the parties outside the presence of the court" were added by an amendment in 1993. (Stats. 1993, ch. 768, § 1.)

[2] The earlier version of section 664.6 interpreted in *Levy, supra,* 10 Cal.4th 578, 581, provided: " 'If *parties* to pending litigation stipulate, in writing or orally before the court, for settlement of the case, . . . the court, upon motion, may enter judgment pursuant to the terms of the settlement.' (Stats. 1981, ch. 904, § 2, p. 3437, italics added.)"

must be reversed. Here there was no writing signed by the parties, plural. Here there was only an MSC statement signed by counsel for one side. It is true that MSC statements are formal documents filed with the court, and that counsel have a professional and ethical obligation to prepare them carefully and in good faith. However, an MSC statement signed only by counsel for one side does not satisfy the "requirements that decrease the likelihood of misunderstandings" which the *Levy* court considered to be the underpinnings of the summary procedure allowed by section 664.6. (*Levy, supra,* 10 Cal.4th 578, 585.) In the instant case, for example, controversy exists regarding whether the offer contained in the MSC statement was or was not revoked before acceptance. A procedure in which a settlement is evidenced by one writing signed by both sides minimizes the possibility of such a dispute and legitimizes the summary nature of the section 664.6 procedure.

*2.    There was no other procedural basis on which the summary entry of judgment can be supported.*

■    Section 664.6 is not the exclusive means of enforcing a settlement agreement; it is simply a summary procedure available when certain prerequisites are satisfied. (*Kilpatrick* v. *Beebe* (1990) 219 Cal.App.3d 1527, 1529 [269 Cal.Rptr. 52] ["section 664.6 . . . appears to do nothing more than provide a streamlined method for reducing a stipulated settlement to judgment."].) Even when the summary procedures of section 664.6 are not available, a settlement agreement might be enforceable by summary judgment, a suit for breach of contract (perhaps prosecuted by means of a supplemental pleading), or a suit in equity. (*Levy, supra,* 10 Cal.4th 578, 586, fn. 5; accord, *Nicholson* v. *Barab* (1991) 233 Cal.App.3d 1671, 1681 [285 Cal.Rptr. 441]; *Kilpatrick* v. *Beebe, supra,* 219 Cal.App.3d 1527, 1529.)

In the instant case, none of these alternative procedures was pursued. Given the conflicting evidence regarding whether the MSC offer was still outstanding at the time of the alleged acceptance, it is doubtful that the only other *summary* procedure available—summary judgment—could have been granted. We do not by this decision, however, preclude an attempt to enforce the alleged agreement.    ■    We simply rule that section 664.6 is not available on these facts.

*3.    Different considerations apply when an insurance carrier is providing defense and indemnity without reservation.*

The *Levy* court determined that the term "parties" as used in section 664.6 means literally the litigating parties and does not include the attorneys. *Levy, supra,* 10 Cal.4th at page 585, was based on the proposition that the

Legislature intended to require the litigants' "direct participation" because this "tends to ensure that the settlement is the result of their mature reflection and deliberate assent." The *Levy* court reasoned that this "protects the parties against hasty and improvident settlement agreements by impressing upon them the seriousness and finality of the decision to settle," and that it "protects parties from impairment of their substantial rights without their knowledge and consent." (*Ibid.*) *Levy*'s clear concern was protecting parties from harm caused by either their own or their attorney's improvidence, or their attorney's unauthorized actions.

*Levy*, however, was not a situation in which an insurance defense counsel or adjuster had consented to a settlement to be paid by a carrier on behalf of an insured. *Levy* instead involved a plaintiff's giving up its claim through settlement, as did many of the other cases construing section 664.6. (*Johnson v. Department of Corrections, supra,* 38 Cal.App.4th 1700, 1702-1703 [plaintiff employee in lawsuit alleging racial discrimination not bound under section 664.6 to settlement in which he never personally agreed orally or in writing]; *Scruton v. Korean Air Lines Co.* (1995) 39 Cal.App.4th 1596, 1607 [46 Cal.Rptr.2d 638] [plaintiff, guardian ad litem for minors, did not agree to oral stipulation before the court, so settlement cannot be enforced under section 664.6]. See also *Murphy v. Padilla* (1996) 42 Cal.App.4th 707 [49 Cal.Rptr.2d 722] [defendant defending a suit to void an easement not bound under section 664.6 to an alleged oral agreement that was not made before the court].)

When a defense is being provided without reservation by an insurance carrier, a settlement by the carrier within policy limits does not prejudice the "substantial rights" of the insured. As the Supreme Court stated in *Commercial Union Assurance Companies v. Safeway Stores, Inc.* (1980) 26 Cal.3d 912, 919 [164 Cal.Rptr. 709, 610 P.2d 1038]: ". . . where the insured is fully covered by primary insurance, the primary insurer is entitled to take control of the settlement negotiations and the insured is precluded from interfering therewith." This has long been the law. (See, e.g., *Shapero v. Allstate Ins. Co.* (1971) 14 Cal.App.3d 433, 438 [92 Cal.Rptr. 244] [insured is precluded from interfering with settlement procedures] and *Ivy v. Pacific Automobile Ins. Co.* (1958) 156 Cal.App.2d 652, 660 [320 P.2d 140] [same]. See also *Merritt v. Reserve Ins. Co.* (1973) 34 Cal.App.3d 858, 870 [110 Cal.Rptr. 511] [carrier retains control over settlement] and *Brown v. Guarantee Ins. Co.* (1957) 155 Cal.App.2d 679, 684 [319 P.2d 69, 66 A.L.R.2d 1202] [absolute control over settlement vested in insurance carriers].)[3] Not only are the insured's "substantial rights" not prejudiced—as the cited cases

---

[3] An exception to the general rule affording insurers the unconditional right to settle most third party claims without the insured's consent are the provisions in professional liability

show—but the consent of the insured is usually superfluous. The insured normally cannot either bind the insurer by the insured's own consent nor prevent settlement by withholding consent. "[L]iability policies usually *specifically prohibit* the insured from settling or negotiating for a settlement or interfering in any manner with the defense except upon the request of the insurer unless the insurer is in breach of the contract. [Citation.] By accepting a liability insurance policy, the insured is bound by these terms." (Croskey et al., Cal. Practice Guide: Insurance Litigation 3, *supra*, ¶ 12:207, p. 12B-2.) For this reason, it is common practice for insurance counsel and an adjuster to handle the negotiation of insurance-funded settlements without the superfluous involvement of a fully protected insured.

If *Levy* were nevertheless interpreted to require the superfluous signature of an insured to an insurance-funded settlement in order for section 664.6 to apply, it is predictable that the insured would henceforth be ordered to attend all MSC's. Present practice often allows an insured to avoid such expense and inconvenience by permitting counsel and the adjuster to appear. Indeed, many people regard the ability to let the insurance carrier handle insured incidents without inconvenience to the insured as one of the benefits gained by purchasing insurance.

The *Levy* court was not faced with an insured situation in which a literal party-signature requirement would more likely impair the insured's interests than protect them. Since *Levy* did not involve an insurance-funded settlement, we do not read *Levy* as precluding enforcement pursuant to section 664.6 of an insurance-funded settlement reached by an authorized insurance defense counsel or adjuster when the carrier has the contractual right to settle. (See *Ginns* v. *Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689] ["an opinion is not authority for a proposition not therein considered"]; accord, *Amwest Surety Ins. Co.* v. *Wilson* (1995) 11 Cal.4th 1243, 1268 [48 Cal.Rptr.2d 12, 906 P.2d 1112].)[4] It seems unlikely that the *Levy* court would find a party-signature requirement intended by the Legislature when the presence of such a signature could not create a settlement

---

policies which "often give the insured the right to approve or reject any settlement negotiated by the insurer. This is designed to prevent settlements which might be regarded in the community as an admission of wrongdoing by the insured, thus injuring the insured's professional reputation." (Croskey et al., Cal. Practice Guide: Insurance Litigation 2 (The Rutter Group 1995) ¶ 7:2492 et seq., pp. 7K-17 to 7K-18; see, e.g., Bus. & Prof. Code, § 801, subd. (d) [requiring the consent of health care professionals for settlement of health care malpractice claims]; accord, *Carlile* v. *Farmers Ins. Exchange* (1985) 173 Cal.App.3d 975, 980, fn. 3 [219 Cal.Rptr. 773].) The rationale of *Levy* would apply to protect the insured in the professional liability context where the insured's consent is specifically required for settlement.

[4]*Murphy* v. *Padilla, supra,* 42 Cal.App.4th 707, 717, also finding a purported agreement not enforceable under section 664.6, observed that those seeking enforcement failed "to assert any facts to show that appellant authorized her attorney, expressly, impliedly or ostensibly, to

and the absence of such a signature could not prevent a settlement. (Cf. Civ. Code, § 3532 ["The law neither does nor requires idle acts."].)

Although the record in the instant case does not reflect whether there was or was not a reservation of rights, it does indicate that the Chens were being defended by insurance counsel. We do not mean to suggest by our ruling invalidating the application of section 664.6 in this case that we believe insurance-funded settlement agreements concluded by representatives of the carrier are not enforceable against the carrier pursuant to that section. However, inasmuch as the requirements of section 664.6 were not satisfied in this case even taking into account the possible insurance-funded nature of the settlement, the judgment must be reversed.

## DISPOSITION

The judgment is reversed. Respondents are to bear costs on appeal.

Fukuto, Acting P. J., and Nott, J., concurred.

---

bind her to a settlement agreement. ' "[T]he law is well settled that an attorney must be specifically authorized to settle and compromise a claim, that merely on the basis of his employment he has no implied or ostensible authority to bind his client to a compromise settlement of pending litigation[,]" ' " citing *Blanton* v. *Womancare, Inc.* (1985) 38 Cal.3d 396, 404 [212 Cal.Rptr. 151, 696 P.2d 645, 48 A.L.R.4th 109].