Filed 8/29/13  Baldwin v. Shui CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CHRISTOPHER BALDWIN, | B244491 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC415095) |
| v. | |
| FUNK SHUI, LLC, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick C. Shaller, Judge.  Reversed.

———

Franceschi Law Corporation and Ernest J. Franceschi, Jr. for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith LLP, Mike Martinez, Jason R. Chermela, and John J. Weber for Defendants and Respondents.

———

Plaintiff Christopher Baldwin appeals from the judgment of dismissal entered after defendants Funk Shui, LLC and Jason Alkhaldi successfully moved to enforce a settlement agreement pursuant to Code of Civil Procedure, section 664.6.[1] Baldwin argues that defendants' motion should have been denied because section 664.6 is inapplicable. We agree and reverse.

## BACKGROUND

Baldwin filed suit against defendants for assault and battery. After discovery, the parties entered private mediation. Without admitting liability, defendants drafted a written "Confidential Settlement Agreement and Release," offering Baldwin $250,000 in exchange for a dismissal of the action with prejudice. The agreement included provisions for reasonable attorney fees should either party move to enforce the settlement. Following negotiations, Baldwin's counsel, Raymond McElfish, filed an unconditional "Notice of Settlement of Entire Case" on April 12, 2012, promising to dismiss the case within 45 days of the settlement. Baldwin requested minor grammatical changes to the agreement via email, and defense counsel agreed. Baldwin and McElfish each signed the modified agreement, but the agreement was not signed by defense counsel or by anyone else on behalf of any defendant and did not even include a line for such a signature. On June 6, 2012, Axis Surplus Insurance Company sent a check for $250,000 to Baldwin and McElfish. Plaintiff received the check but did not deposit it.[2]

Baldwin refused to dismiss the case, so defendants moved to enforce the agreement under section 664.6, requesting that the court dismiss the action with prejudice and award reasonable attorney fees pursuant to the settlement's terms. Defense counsel signed a supplemental declaration stating that Axis Surplus Insurance Company insured defendants throughout the negotiations and provided the defense and indemnification without reservation, and that the policy did not require defendants to consent to a settlement. Baldwin objected in writing to the evidence about the insurance policy, but

---

[1] All subsequent statutory references are to the Code of Civil Procedure.

[2] The court subsequently ordered Baldwin's counsel to deposit the check into a blocked account, and counsel complied.

2

the trial court failed to rule on its admissibility. The trial court entered judgment in favor of defendants, dismissing the case with prejudice and awarding attorney fees. Baldwin filed a timely appeal.

## DISCUSSION

Baldwin contends that defendants cannot enforce the settlement agreement by means of a section 664.6 motion because they did not sign the agreement. We agree.

Section 664.6 provides for entry of judgment pursuant to the terms of a settlement "[i]f parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for a settlement of the case." (§ 664.6.) Section 664.6 created a "summary, expedited procedure to enforce settlement agreements when certain requirements that decrease the likelihood of misunderstandings are met." (*Levy v. Superior Court* (1995) 10 Cal.4th 578, 585 (*Levy*).) "Because of its summary nature, strict compliance with the requirements of section 664.6 is prerequisite to invoking the power of the court to impose a settlement agreement." (*Sully-Miller Contracting Co. v. Gledson/Cashman Construction, Inc.* (2002) 103 Cal.App.4th 30, 37.) The requirements include the signatures of both "the parties seeking to enforce the agreement under section 664.6 and against whom the agreement is sought to be enforced." (*Harris v. Rudin, Richman & Appel* (1999) 74 Cal.App.4th 299, 305.) If the streamlined method for enforcing settlements under section 664.6 is not available because of procedural defects, an agreement might still be enforceable by summary judgment, a suit for breach of contract, or a suit in equity. (*Robertson v. Chen* (1996) 44 Cal.App.4th 1290, 1293.)

The settlement agreement signed by Baldwin but by no defendants does not constitute a "writing 'signed by the parties,'" and because no party orally stipulated to the agreement before the court, the settlement is not enforceable on a section 664.6 motion. (*Harris v. Rudin, Richman & Appel, supra*, 74 Cal.App.4th at p. 305.)

Defendants argue that the insurance carrier was authorized to settle this case, so defendants' signatures were not required. In some cases an insurance carrier may consent to settlement on behalf of a fully insured defendant, but the statute still requires the

3

insurers' signatures on a written settlement agreement or an oral stipulation before the court. (*Robertson v. Chen*, *supra*, 44 Cal.App.4th at pp. 1292-1293 [refusing to enforce an insurance-funded settlement where the insurance company failed to sign or stipulate to the agreement].) Here, no claims adjuster or other representative of any defendant signed the document or stipulated to the agreement in court. Although Baldwin and his attorney signed the modified agreement, defendants cannot move under section 664.6 to enforce a settlement agreement that they did not sign. (*Harris v. Rudin, Richman & Appel, supra*, 74 Cal.App.4th at p. 306 [requiring the signature of the party bringing the section 664.6 motion even though the opposing party had signed].)

Defendants contend that by paying $250,000 as contemplated by the settlement agreement, the insurers fully performed, so plaintiff was required to dismiss the case. The issue before us, however, is not whether the agreement is enforceable as a matter of contract law. Rather, the issue is whether the agreement is enforceable in a section 664.6 proceeding. The check signed by the insurers cannot remedy the failure to meet the procedural requirements of section 664.6. (*Harris v. Rudin, Richman & Appel, supra*, 74 Cal.App.4th at p. 306 [refusing to consider extrinsic evidence of intent to be bound because the statutory prerequisites were not satisfied].) The settlement therefore cannot be enforced on a section 664.6 motion, and the judgment dismissing the case was entered in error. Accordingly, the award of attorney fees to defendants must also be reversed.[3]

Because we reverse the judgment, we need not reach the issue of whether the trial court's failure to rule on Baldwin's evidentiary objections was in error or prejudicial.

---

[3] In his opening brief on appeal, Baldwin asserts that he "would be entitled to recover his attorney fees in the event of reversal by this Court." Insofar as he is requesting an award of attorney fees on appeal, he cites no authority for such an award, so we deny the request. (*Banning v. Newdow* (2004) 119 Cal.App.4th 438, 459 [denying attorney fees on appeal because the prevailing party did not present adequate authority or argument supporting the request].) Insofar as he claims to be entitled to an award of attorney fees for the proceedings in the trial court, we express no opinion on his claim, which he is free to pursue on remand.

## DISPOSITION

The judgment is reversed.  Baldwin shall recover his costs on appeal.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, J.

We concur:


MALLANO, P. J.


CHANEY, J.

5