Filed 8/6/14  Marriage of Mead and Williams-Mead CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re the Marriage of ROBERT M. MEAD and CAROLYN INEZ WILLIAMS-MEAD. | C073814 |
| ROBERT M. MEAD, Appellant, v. CAROLYN INEZ WILLIAMS-MEAD, Respondent. | (Super. Ct. No. 03FL03504) |

After nearly 10 years of unsuccessful litigation against his ex-wife, a vexatious lawyer now asserts the trial court did not have subject matter jurisdiction to order him to pay attorney fees following his last appeal.  He insists for the first time the parties did not request the court to retain jurisdiction once judgment was entered pursuant to their marital settlement agreement as required by Code of Civil Procedure section 664.6 (section 664.6).  We conclude that wife's motion for attorney fees following husband's

1

appeal was not an attempt "to enforce the settlement" within the meaning of section 664.6. Simply put, section 664.6 does not apply. We affirm.

## FACTUAL CONTEXT

We agree with appellant Robert Mead, an adjudicated vexatious litigant, that few facts are relevant to the disposition of the sole legal question presented. The sordid details of the litigation and Robert's two unsuccessful appeals are set forth in our two prior opinions. (*In re Marriage of Mead and Williams-Mead* (Nov. 1, 2007, C052999) [nonpub. opn.] (*Mead I*); *In re Marriage of Mead and Williams-Mead* (Sept. 17, 2012, C065718) [nonpub. opn.] (*Mead II*).) A brief paragraph will suffice as background for the resolution of Robert's latest spurious attempt to frustrate Carolyn, his ex-wife.

In December 2004 Robert and Carolyn entered into a marital settlement agreement. (*Mead I*, *supra*, C052999.) On March 8, 2005, the court entered judgment pursuant to the agreement. (*Ibid.*) The judgment provides: "Jurisdiction is reserved to make other orders necessary to carry out this judgment." Among other terms, Robert agreed to pay Carolyn a $50,000 equalizing payment following the distribution of marital assets. To date Robert has not made the payment, but he has lost four motions to vacate, resisted Carolyn's motion to enforce the settlement, filed for bankruptcy protection, and prosecuted two unsuccessful appeals in this court. (See *Mead I*, *supra*, C052999; *Mead II*, *supra*, C065718.) The court awarded Carolyn $80,201 in attorney fees incurred in defending the 2012 appeal in this court. (Fam. Code, §§ 2030, 271.) Robert appeals again.

## DISCUSSION

Robert contends that the courts of this state are impotent to act in this matter because he and his ex-wife did not request, either orally or in writing, the court to retain jurisdiction after judgment was entered. He bases his jurisdictional challenge exclusively on section 664.6 and does not otherwise challenge the amount of the award.

2

Section 664.6 provides:  "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement.  If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."  Relying on a number of inapposite cases, Robert argues that the trial court did not have subject matter jurisdiction to award fees once the action was no longer pending and in the absence of a request by the parties for the court to retain jurisdiction.  (See, e.g., *Walton v. Mueller* (2009) 180 Cal.App.4th 161, 169; *Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 439-440; *Robertson v. Chen* (1996) 44 Cal.App.4th 1290, 1292; *Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, 206.)  We review a question of statutory law de novo.  (*Elyaoudayan v. Hoffman* (2003) 104 Cal.App.4th 1421, 1428.)

Section 664.6 provides a summary mechanism to allow parties "to enforce the settlement."  (See *Hines v. Lukes* (2008) 167 Cal.App.4th 1174, 1182.)  Robert ignores the fundamental distinction between actions to enforce the settlement and a motion filed years later having nothing to do with the settlement and everything to do with Carolyn's rights under the Family Code to attorney fees for appellate proceedings to "ensure that each party has access to legal representation."  (Fam. Code, § 2030, subd. (a)(1).)

In 2012 we filed our last opinion rejecting Robert's fourth attempt to vacate the 2005 judgment and awarding Carolyn the costs on appeal.  (*Mead II*, *supra*, C065718.)  Soon thereafter, Carolyn filed a motion for attorney fees to "cover the attorney fees on this appeal only."  Thus her motion was not an attempt "to enforce the settlement." (§ 664.6.)  Indeed, the settlement itself was irrelevant, as was section 664.6.  Carolyn simply stood in the same shoes as any other litigant in family court who successfully defended an appeal and was awarded costs.  Her right to seek fees was not dependent on whether her divorce was secured initially by settlement or by adjudication.  We can find

3

nothing in the language of section 664.6, or the cases that construe it, to divest the family court of jurisdiction to award garden-variety attorney fees that are unrelated to enforcement of the settlement itself.

Robert would have us torture the meaning and purpose of section 664.6. We reject the notion that by utilizing section 664.6 to enter judgment pursuant to the terms of a marital settlement agreement, a party unwittingly forfeits his or her right to any attorney fees incurred in defending an unmeritorious appeal. Similarly, we also reject the notion that once judgment is entered pursuant to section 664.6, a party can prosecute appeals with the comfort of knowing the court is without jurisdiction to award attorney fees to the prevailing party.

Carolyn invites us to impose sanctions on Robert on our own motion (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637) or to dismiss his appeal (*In re Marriage of Hofer* (2012) 208 Cal.App.4th 454). Without more assistance from her, we must decline the invitation. Unlike the litigant in *Hofer*, she has not identified a number of court orders Robert has willfully disobeyed. And although Robert comes perilously close to meriting *Flaherty* sanctions, we have been cautioned to use the punishment most sparingly and are hesitant to say that any reasonable attorney would agree that the jurisdictional argument was totally without merit. (*Crews v. Willows Unified School Dist.* (2013) 217 Cal.App.4th 1368, 1381.)

## DISPOSITION

The judgment is affirmed. Once again, Carolyn is entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

      RAYE      , P. J.

We concur:

      HULL      , J.

      DUARTE      , J.