Filed 1/30/15  Lugris v. Full-Swing Golf, Inc. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MARY LUGRIS, <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> FULL-SWING GOLF, INC., et al., <br><br>     Defendants and Respondents. <br><br> ─────────────────────── <br><br> FOREGOLF, LLC, et al., <br><br>     Plaintiffs and Appellants, <br><br> v. <br><br> FULL-SWING GOLF, INC., et al., <br><br>     Defendants and Respondents. | D065651 <br><br> (Superior Court Case Nos.: <br>   37-2012-00101393-CU-OE-CTL; <br>   37-2012-00100659-CU-OE-CTL) |

APPEAL from orders of the Superior Court of San Diego County, John S. Meyer, Judge.  Affirmed.

Pope, Berger, Williams & Reynolds, Harvey C. Berger and Stephanie Reynolds for Appellant Mary Lugris.

Klinedinst, G. Dale Britton and Greg A. Garbacz for Appellants ForeGolf, LLC, Perfect Parallel, Inc., and Erik Lugris.

Venable, Richard J. Frey, Celeste M. Brecht and Melissa C. McLaughlin for Defendants and Respondents.

In July 2013, following years of disputes, Plaintiffs Mary Lugris, Erik Lugris, ForeGolf, LLC, and Perfect Parallel, Inc., (collectively Plaintiffs) entered into a settlement agreement with Defendants Full-Swing Golf, Inc., Brian Arnold, and Eric Murray (collectively Defendants). The agreement provided, in part, that the parties would relinquish certain stocks, and execute documents sufficient to verify those relinquishments; Defendants would pay Plaintiffs a stipulated sum by July 26, 2013; and breach of the agreement would result in an award of attorney fees.

In August 2013, Defendants had not yet paid the stipulated sum. Mary Lugris filed a motion, in which the remaining Plaintiffs joined, to enter judgment pursuant to the terms of the settlement agreement under Code of Civil Procedure section 664.6.[1] Defendants filed a cross-motion to enforce the settlement agreement under section 664.6 based on their contention that Plaintiffs had not fully performed their stock-related obligations as required by the agreement. On August 30, 2013, at an unreported hearing, the trial court granted Plaintiffs' motion to enter judgment and ordered Defendants to pay the stipulated amount, plus prejudgment interest accrued from the date of the hearing. Plaintiffs hired new counsel to engage in various collection efforts on their behalf.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

2

On September 24, 2013, Plaintiffs filed a motion for an award of contractual attorney fees. On October 2, 2013, Defendants paid the judgment and, on October 3, Plaintiffs filed a second motion for an award of postjudgment attorney fees, to recover the costs incurred by retaining counsel to enforce the settlement agreement. In January 2014, the trial court denied the motions based on the fact that attorney fees were not available absent a finding of breach of the settlement agreement.

On appeal, Plaintiffs contend: (1) the trial court improperly denied the motions for attorney fees; and (2) the trial court improperly awarded prejudgment interest beginning August 30, 2013, the hearing date, instead of July 26, 2013, the date the payment was due under the settlement agreement. We conclude Plaintiffs are not entitled to attorney fees absent a finding of breach, and Plaintiffs did not timely appeal from the date prejudgment interest was owed. We affirm the orders.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2012, following years of disputes, Erik Lugris, along with ForeGolf, LLC, and Perfect Parallel, Inc., sued Defendants, alleging 22 causes of action. In November 2012, Mary Lugris also sued Defendants, alleging 12 causes of action including various employment torts. On or about June 26, 2013, the parties to both lawsuits participated in a mediation, which resulted in an unsigned, handwritten agreement to settle both actions. Six days later, on July 2, 2013, the parties signed a typed version of the settlement agreement.

The agreement provided Defendants would pay Plaintiffs $1,600,000 by July 26, 2013; the parties would relinquish certain stocks, and execute documents sufficient to

3

verify those relinquishments; and attorney fees would be awarded "for breach of [the] [a]greement."  The agreement also provided that it would be "binding and enforceable under [section 664.6] and as a binding contract."

In August 2013, Defendants had not yet paid the $1,600,000.  Mary Lugris filed a motion to enter judgment pursuant to the terms of the settlement agreement under section 664.6, in which the remaining Plaintiffs joined.  Defendants filed a cross-motion to enforce the settlement agreement under section 664.6 based on their contention that Plaintiffs had not yet fully performed their stock-related obligations, a condition precedent to Defendants' obligation to pay the $1,600,000.

On August 30, 2013, at an unreported hearing, the trial court heard oral argument on the motions.  On September 10, 2013, the court granted Plaintiffs' motion and ordered Defendants to pay Plaintiffs the agreed-to $1,600,000, plus prejudgment interest "at the rate of ten percent (10%) per annum from August 30, 2013[,] through the date of the entry of [the] judgment . . . ."  Plaintiffs retained new counsel, Grant & Zeko, APC, to aid in enforcing the judgment by engaging in various collection efforts on their behalf.

On September 24, 2013, Plaintiffs filed a motion for an award of contractual attorney fees.  Defendants paid the $1,600,000 judgment on October 2, 2013, and, on October 3, Plaintiffs filed a second motion for an award of postjudgment attorney fees, to recover the costs associated with retaining counsel to enforce the judgment.  On January 21, 2014, the trial court denied Plaintiffs' motions.  The court based its decision on the fact that "[t]he settlement agreement did not provide for recovery of attorney fees for

4

efforts made to enforce the settlement agreement," only for breach, and the court "did not make any finding that either party was in breach of the agreement."

In February 2014, Defendants filed a motion to tax costs. On March 7, 2014, the trial court issued a tentative ruling, which became final when not contested, taxing the attorney fees sought in Plaintiffs' memorandum of costs because it "previously determined that [Plaintiffs] were not entitled to an award of attorney fees." On March 12, 2014, Plaintiffs filed a notice of appeal as to two orders: (1) the January 21, 2014, order denying their motions for attorney fees; and (2) the March 7, 2014, order granting Defendants' motion to tax costs.

DISCUSSION

I

*Standard of Review*

Plaintiffs' contentions raise questions of law subject to de novo review. This standard applies to both the trial court's interpretation of the settlement agreement as it pertains to attorney fees, and to its determination of the date from which Plaintiffs were entitled to prejudgment interest. (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142 ["On review of an award of attorney fees after trial, the normal standard of review is abuse of discretion. However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law."]; *KGM Harvesting Co. v. Fresh Network* (1995) 36 Cal.App.4th 376,

5

390-391 [reviewing de novo the date from which the buyer was entitled to prejudgment interest].)

## II

### *Section 664.6*

"Prior to the enactment of section 664.6, a party seeking to enforce a settlement agreement had to file a new action alleging breach of contract and seeking either contract damages or specific performance of the settlement terms, or alternatively had to supplement the pleadings in a pending case." (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 809.) Today, however, section 664.6 "provide[s] a summary procedure for specifically enforcing a settlement contract without the need for a new lawsuit." (*Weddington Productions,* at p. 809.) Under the statute, "[i]f parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." (§ 664.6.)

Entry of judgment does not require a finding of breach. (*Hines v. Lukes* (2008) 167 Cal.App.4th 1174, 1185 ["The statutory language makes it clear . . . that a party moving for the entry of judgment pursuant to a settlement under . . . section 664.6 need not establish a breach of contract to support relief under the statute."].) The trial court is "authorized to enter a judgment pursuant to the settlement regardless of whether . . . nonperformance of . . . settlement obligations [are] excused." (*Ibid.*)

Moreover, "[t]he statutory procedure for enforcing settlement agreements under section 664.6 is not exclusive. It is merely an expeditious, valid alternative statutorily

6

created." (*Nicholson v. Barab* (1991) 233 Cal.App.3d 1671, 1681, citing *Kilpatrick v. Beebe* (1990) 219 Cal.App.3d 1527, 1529.) A party may, for example, enforce a settlement agreement by suing for breach of contract. (*Robertson v. Chen* (1996) 44 Cal.App.4th 1290, 1293 ["[A] settlement agreement might be enforceable by summary judgment, a suit for breach of contract (perhaps prosecuted by means of a supplemental pleading), or a suit in equity."].)

A. *Attorney Fees*

As it pertains to attorney fees, the settlement agreement states, in full: "There shall be attorney fees for breach of this Agreement." The language is clear and unambiguous, and does not, for example, provide for attorney fees in the event of any legal action, to enforce the provisions of the agreement, or for any action in relation to the settlement agreement, as is often seen in cases involving more inclusive attorney fees provisions. (*Turner v. Schultz* (2009) 175 Cal.App.4th 974, 979; *Starpoint Properties, LLC v. Namvar* (2011) 201 Cal.App.4th 1101, 1111.) The settlement agreement does not provide for attorney fees absent a finding of breach.

"A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." (Civ. Code, § 1636.) It is "[t]he language of a contract [that] is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." (Civ. Code, § 1638; see Civ. Code, § 1639 ["When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible . . . ."].)

7

Here, the attorney fees provision is clear, explicit, and not absurd. Its language therefore governs its interpretation.

Plaintiffs contend Defendants breached the agreement because "[t]he evidence is undisputed that [Defendants] did not pay on or before July 26, and in fact delayed payment into October." The trial court expressly stated, however, "[t]here was no finding of breach [at the hearing on August 30]."

Plaintiffs further contend the trial court made an implied finding of breach, claiming "there's no way around that determination because [the court] said the money's overdue, pay the money . . . [which] is a determination of breach." As the trial court explained, however, Defendants did not pay because "there [was] . . . an arguably legitimate dispute over some third-party interests . . . ." Indeed, *both* parties moved to enforce the settlement agreement under section 664.6. As a result, the trial court stated the agreement was enforceable, not that payment was overdue or that either party had breached the settlement agreement. The trial court was authorized to enter judgment without finding breach (*Hines v. Lukes*, *supra*, 167 Cal.App.4th at p. 1185), and did so.

Plaintiffs assert the trial court's ruling undermines public policy in favor of settlement agreements. They claim "[t]he trial court's position would force a party to make a choice between pursuing relief under section 664.6 *or* filing a costly and time-consuming lawsuit to enforce a settlement contract and recover attorneys' fees." But no such election is required either by law or by the trial court's ruling. (*Nicholson v. Barab*, *supra*, 233 Cal.App.3d at p. 1681.) Consistent with public policy, the ruling encourages parties to carefully consider the provisions to which they agree, especially knowing their

8

agreements will be enforceable as written. Plaintiffs agreed to settle their claims against Defendants in exchange for a sum of money and the opportunity to recover attorney fees in case of breach. Plaintiffs were free to agree to alternative language, or to further negotiate the attorney fees provision prior to signing. They did not. Plaintiffs are not entitled to attorney fees without a finding of breach.

B. *Prejudgment Interest*

On August 30, 2013, the trial court heard arguments on the motion and cross-motion under section 664.6. On September 10, 2013, the court granted Plaintiffs' motion and entered judgment that Defendants pay the agreed-to $1,600,000, plus prejudgment interest accrued from the date of the hearing. Plaintiffs contest prejudgment interest should accrue as of July 26, 2013, the date the $1,600,000 was to be paid as set forth in the settlement agreement.

"[A] notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." (Cal. Rules of Court, rule 8.104(a)(1).) "The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Ca1.4th 51, 56.)

Plaintiffs filed a notice of appeal on March 12, 2014, more than six months after the trial court's order providing for prejudgment interest accrued from August 30, 2013. Plaintiffs' appeal of this issue is therefore untimely.

Plaintiffs claim they do not appeal the September 10, 2013, order, but the March 7, 2014, order granting Defendants' motion to tax costs. They assert that because the September order "was utterly silent as to the *amount* of interest that would be added to the judgment" (italics added), the issue was not yet settled and therefore not yet appealable. But the date from which Plaintiffs should receive prejudgment interest was decided in the September order. And it is the date, not the "specific amount," that is at issue here.

## DISPOSITION

The order denying the motions for attorney fees and the order granting the motion to tax costs are affirmed. Respondents are entitled to costs on appeal.


McDONALD, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.

10