[No. F001530. Fifth Dist. Dec. 30, 1985.]

JEAN HALDEMAN, Plaintiff and Appellant, v.
BOISE CASCADE et al., Defendants and Respondents.

**COUNSEL**

Morgan, Ruby, Teter, Schofield, Franich & Fredkin and Allen Ruby for Plaintiff and Appellant.

Sandell, Young & St. Louis, Wild, Carter, Tipton & Oliver, Brad B. Geery, Chinello, Chinello, Shelton & Auchard, Daniel I. Aller III, Barr, Newlan & Sinclair, Steven P. Hale, Parichan, Renberg, Crossman & Harvey, Richard C. Crossman, Silveira, Garrett, Goul, Curry & Mattos, Weldon J. Mattos, Jr., Stammer, McKnight, Barnum & Bailey, Frank D. Maul, Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Ericksen, Arbuthnot, Walsh, Paynter & Brown, Lee M. Jacobson, Carl Brown, McCormick, Barstow, Sheppard, Wayte & Carruth, Mario L. Beltramo, Jr., Mushines, Baradat & Van Doren, Dominic P. Mushines, Isham, Macias, Lynch, Cronin & Rodriguez, Richard M. Macias, Kroloff, Belcher, Smart, Perry & Christopherson and Christopherson Engh for Defendants and Respondents.

## OPINION

**BEST, J.**—Appellant, Jean Haldeman, appeals from an order compelling enforcement of a judicially supervised settlement agreement. We will affirm and remand with directions.

Following a multiple vehicle accident occurring on Highway 99 in Merced County, numerous complaints for damages for personal injuries were filed by various plaintiffs against various defendants. Ultimately, the various actions were consolidated and a settlement conference was held on February 2 and 5, 1982, before Judge Donald R. Fretz of the Merced County Superior Court. Appellant was present with her attorney, Mr. Daniel H. Asturias, at the start of the settlement conference on February 2 but was permitted to return home to be available by telephone. Appellant did not attend the February 5 conference but again was available by telephone.

At 5:30 p.m. on February 5, the attorneys announced that a settlement had been reached, and the settlement was placed on the record. Except in one case, the plaintiffs in all of the actions were to receive an aggregate sum of $193,000 from all of the defendants. The total sum was to be divided among the plaintiffs, with plaintiff Jean Haldeman to receive $9,500. The allocated sums were to be considered a full settlement of all pending claims with prejudice, and plaintiffs were to dismiss suits upon receipt of the funds. Mr. Mushines, counsel for defendant Razarri Ford, agreed to prepare one release naming all defendants, which would be signed by all plaintiffs. The money was to be made payable to Mr. Nelson, counsel for plaintiff Robert Weatherford, as trustee of the settlement funds. When Nelson received all releases and dismissals from plaintiffs, he would disperse the monies collected from defendants.

After the settlement was placed on the record, the trial court polled the attorneys to see if the settlement as stated represented the actual agreement. Each attorney answered in the affirmative, including Mr. Asturias on behalf of plaintiff Haldeman.

On May 7, 1982, Mr. Nelson sent a letter to all counsel involved in the lawsuit, indicating that he had received all settlement funds from defendants and had received releases from all plaintiffs except Jean Haldeman who refused to sign the release. Thereafter, a motion to compel enforcement of the settlement was filed by defendant Razarri Ford and joined in by various other defendants.

The motion to compel enforcement was heard before Judge Fretz on May 26, 1982. Mrs. Haldeman and Mr. Asturias testified at the hearing. Mrs. Haldeman had asked Mr. Terry Allen to represent her at the hearing.

Mr. Asturias testified that at the settlement conference he advised the court that he agreed Mrs. Haldeman's case could be settled for $9,500. He also stated that he had "authority from Miss Haldeman to settle the case at that figure." The defendants had made a final offer to settle at $9,500, so at 6 or 6:30 p.m. on February 5, he called Mrs. Haldeman. Initially she was not pleased with the offer, but after he explained the complications of the case to her, she indicated to him to "do what you think is best in the case." Mr. Asturias, then, settled the case at $9,500. On cross-examination, Mr. Asturias testified that prior to the settlement conference Mrs. Haldeman wished to settle the case for $20,000 or $25,000. However, he felt the amount was unreasonable and discussed the figure with her, but no final settlement figure was agreed upon prior to the conference.

Mrs. Haldeman, on the other hand, testified that she never gave Mr. Asturias authority to settle her case for any amount under $20,000. In the early evening of February 5, Mr. Asturias called her with the settlement offer of $9,500. Mrs. Haldeman testified she told him the figure was not enough. He then asked her if she would be by her phone that evening. She further testified that he called her two or three hours later and said the offer was $10,000. She replied the figure was not enough, and he told her that she would not be able to get anything higher. She finally stated that she never gave him authority to settle for an amount he thought was appropriate.

The trial court ultimately ruled the attorney had the authority to settle the case for Mrs. Haldeman, and that the settlement was arrived at properly. It then ordered that the settlement would be enforced.

### DISCUSSION

Code of Civil Procedure section 664.6[1] was enacted in 1981 and became effective January 1, 1982. It provides, "If parties to pending litigation stipulate, in writing or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." The procedure followed in this case was in accord with section 664.6. Appellant contends, however, that section 664.6 is inapplicable for the reason that she was not personally present and did not personally agree to the settlement reached at the settlement conference on February 5, 1982. She argues that, as used in section 664.6, "the word 'parties' must be given its literal meaning—that is, the individual litigants as opposed to their counsel." We disagree.

Common sense and common practice indicate that the term "party" should include the individual litigant or his attorney of record acting on his

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

behalf. For example, under the statutory language of section 437c, "Any party may move for summary judgment in any action or proceeding if it is contended that the action has no merit or that there is no defense thereto" and "Notice of the motion and supporting papers shall be served on all other parties to the action at least 28 days before the time appointed for hearing." Countless other examples of use of the terms "party" or "parties" appear in our statutes, and it is understood universally that the terms are intended to include the party litigant personally or through his attorney of record. ■ "It is settled that ' "We are required to give effect to statutes 'according to the usual, ordinary import of the language employed in framing them.' [Citations.]" ' " (*People* v. *Belleci* (1979) 24 Cal.3d 879, 884 [157 Cal.Rptr. 503, 598 P.2d 473].) ■ In enacting section 664.6, had the Legislature intended "parties" to have a meaning other than this commonly understood meaning, it could and would have provided so in the statute. (*People* v. *Rodriguez* (1984) 160 Cal.App.3d 207, 213 [206 Cal.Rptr. 563]; see, e.g., Civ. Code § 4809.)

Contrary to appellant's contention, a literal interpretation of the term "parties" is not supported by *Corkland* v. *Boscoe* (1984) 156 Cal.App.3d 989 [203 Cal.Rptr. 356] or *Casa de Valley View Owner's Assn.* v. *Stevenson* (1985) 167 Cal.App.3d 1182 [213 Cal.Rptr. 790]. The point was neither raised nor addressed in those cases. (*Brokopp* v. *Ford Motor Co.* (1977) 71 Cal.App.3d 841, 851 [139 Cal.Rptr. 888, 93 A.L.R.3d 537].)

Under section 664.6, the trial court has the power to determine whether the parties entered into a valid and binding settlement agreement. (*Corkland* v. *Boscoe, supra,* 156 Cal.App.3d 989, 994.) Inherent in this power to determine if a binding settlement agreement has been reached is the power to determine whether the attorney had authority to settle the case on behalf of his client. In the instant case, the trial court, in the proper exercise of its discretion (*ibid.*), received the oral testimony of appellant and of her attorney, Mr. Asturias, and on substantial evidence determined that appellant had authorized Mr. Asturias to settle her case for the sum of $9,500.

The order is affirmed. The cause is remanded to the trial court with directions to enter a judgment pursuant to the terms of the settlement agreement. Respondents to have their costs on appeal.

Hamlin, Acting P. J., and Fitch, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.