[No. H013695. Sixth Dist. Feb. 9, 1996.]

MARYANNE MURPHY et al., Plaintiffs and Respondents, v.
PATRICIA PADILLA, Defendant and Appellant.

**COUNSEL**

McNamara, Houston, Dodge, McClure & Ney, Douglas C. McClure and Lisa R. Roberts for Defendant and Appellant.

Maryanne Zanois Murphy and David J. Murphy, in pro. per., Wilson, Ryan & Campilongo, Andrew H. Wilson and Shauna T. Rajkowski for Plaintiffs and Respondents.

**OPINION**

**ELIA, J.**—Appellant Patricia Padilla challenges an order of the trial court enforcing an alleged oral settlement agreement pursuant to Code of Civil Procedure section 664.6.[1] The trial court's judgment enforcing the alleged settlement disposes of all issues in the underlying suit brought by respondents, David and Maryanne Murphy, over a disputed easement held by appellant.

Appellant raises the following questions: 1) whether an oral stipulation made during mediation referenced pursuant to section 638 is "before the

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

court" within the meaning of section 664.6; 2) whether an alleged settlement agreement entered into by an attorney on behalf of his or her client is binding without the client's express consent; and 3) whether oral or written agreements made during the course of mediation are admissible to prove settlement without offending Evidence Code section 1152.5.

We first conclude that the underlying proceeding was not properly referenced pursuant to section 638 and thus at most the parties participated in a voluntary, nonbinding mediation. Next, we find that an oral stipulation before a court-referenced mediator, who lacks adjudicative authority to render a binding decision, does not meet the requirements of section 664.6. Finally, an attorney may not bind his or her client to a settlement agreement, at least within the context of section 664.6, unless the client personally agrees to the settlement.

In light of our holding, we need not consider the final issue regarding the scope of Evidence Code section 1152.5.

### Factual and Procedural Background

In 1989, respondents purchased the lot adjoining appellant's property in the Santa Cruz Mountains. Although they engaged the services of a title company, respondents did not discover the existence of appellant's 40-foot express recorded easement until after purchasing the property. Respondents claim that the easement was not disclosed to them by their real estate broker, its agents or the seller's broker.

On March 23, 1992, respondents filed their initial complaint alleging various contract claims, fraud and an equitable claim for abandonment. They named appellant, the seller, respondents' listing agent, their real estate agent, their broker of record, and the broker and agent for the seller.

On February 15, 1994, the trial court referred the matter to mediation pursuant to section 638. The record does not include an agreement by the parties stipulating to the reference nor does the court order describe the scope of the reference as required by rule 244.1(a) of the California Rules of Court.

Retired Superior Court Judge George Bonney supervised two mediation sessions on March 11, 1994, and July 18, 1994, in which a tentative settlement was formulated. The first session was attended by respondents, appellant, their respective counsel, and the remaining defendants in the underlying suit. A second session was scheduled to draft a use agreement for

the disputed easement and was attended only by respondents, appellant and their attorneys.

The record is unclear as to the extent of participation by appellant. She claimed in her declaration she was so intimidated by respondents, who are both attorneys, that she stayed in a separate room during the second mediation. Appellant also stated that she wanted to speak personally with Judge Bonney, but was denied the opportunity. Judge Bonney, on the other hand, stated in his declaration that respondents and appellant "each separately confirmed their agreement on all points" with him. Judge Bonney then wrote out by hand a document memorializing the terms of the alleged agreement. The handwritten document was not signed by the parties, but was intended to be a draft for the attorneys to finalize later.

Approximately two weeks later, appellant informed her attorney that she could not sign the use agreement due to several unresolved concerns. As a result, respondents brought a motion to enforce settlement pursuant to section 664.6. Although the trial court initially expressed uncertainty as to the role played by Judge Bonney and the applicability of Evidence Code section 1152.5, it granted respondents' motion.

### Standard of Review

Respondents initially maintain that this appeal can be resolved by mere application of the "substantial evidence" standard of review. We agree with respondents that the trial court's factual determination on a motion to enforce settlement will be affirmed if the court's ruling is supported by substantial evidence. (*In re Marriage of Assemi* (1994) 7 Cal.4th 896, 911 [30 Cal.Rptr.2d 265, 872 P.2d 1190].) We make such a determination, however, only after deciding whether the parties meet the statutory conditions of section 664.6. Construction and application of a statute involve questions of law, which require independent review. (*Dean W. Knight & Sons, Inc.* v. *State of California* ex rel. *Dept. of Transportation* (1984) 155 Cal.App.3d 300, 305 [202 Cal.Rptr. 44].)

### Discussion

Section 664.6 provides a statutory procedure for enforcement of settlement agreements pending litigation.[2] The trial court may enter judgment pursuant to a stipulated agreement to settle in one of two ways: 1) in a

---

[2]In 1994, the Legislature deleted the requirement, added in 1993, that a stipulation made orally before the court be placed "on the record." (Stats. 1994, ch. 587, § 7.) The statute now provides: "If parties to pending litigation stipulate, in a writing signed by the parties outside

writing signed by the parties, or 2) by oral agreement made "before the court."

■ Appellant argues that the trial court improperly enforced the alleged settlement agreement because respondents failed to meet either of the two statutory conditions. Respondents maintain that the second part of the statute was satisfied because oral stipulations made during mediation referenced pursuant to section 638 are "before the court" within the meaning of section 664.6. Alternatively, respondents claim that the alleged oral agreement made during mediation is enforceable as an independent contract. For reasons stated below, we agree with appellant and conclude that the trial court erred in enforcing the oral agreement under section 664.6.

A. *An Oral Settlement Agreement Under Section 664.6 Must Be "Before the Court."*

■ Section 664.6 states that the oral agreement must be recited "before the court" and refers to a stipulation presented in a "judicially supervised" proceeding. (*City of Fresno* v. *Maroot* (1987) 189 Cal.App.3d 755, 761-762 [234 Cal.Rptr. 353]; *Richardson* v. *Richardson* (1986) 180 Cal.App.3d 91, 97 [225 Cal.Rptr. 370].)

It is well settled that an oral agreement recited to a judge in the course of a settlement conference supervised by that judge satisfies the "before the court" requirement. (See, e.g., *Casa de Valley View Owner's Assn.* v. *Stevenson* (1985) 167 Cal.App.3d 1182, 1189 [213 Cal.Rptr. 790].) Appellant argues that section 664.6 should be interpreted according to its plain meaning and limited to proceedings before a judge. The Supreme Court made it clear in *In re Marriage of Assemi, supra,* 7 Cal.4th 896, however, that a broader interpretation is necessary to accommodate the growing reliance on alternative dispute resolution (ADR) methods of settling litigation.

In *Assemi,* the court provided a two-part test. Oral stipulations before a subordinate court officer meet the "before the court" requirement if: 1) the court officer was empowered to act with an adjudicatory function, and 2) the court officer did, in fact, act in that capacity. (7 Cal.4th at p. 909.) Relying on this standard, the *Assemi* court concluded that the retired judge was presiding over a "judicially supervised" proceeding. (*Ibid.*) He acted in a "hybrid" capacity combining the functions of a temporary judge authorized

the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."

by the California Constitution and an arbitrator under the private arbitration statutes. (*Ibid.*)

In the present proceeding, the original stipulations and order are ambiguous as to whether Judge Bonney was empowered with an adjudicative function. The case management conference minute order shows that the parties were referred to mediation *pursuant to section 638.*

Section 638 contains two distinct sections.[3] Under section 638, subdivision 1, a trial court makes a general reference to try all legal and factual issues in an action or proceeding and report a statement of decision to the trial court. The referee is vested with power to make definitive disposition of issues and the action subject to power of the court to affirm the referee's report. (See 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 46, pp. 360-361.) Under section 638, subdivision 2, there is a specific reference to ascertain some fact, but the referee's decision is not binding on the court. (See, e.g., *National Brass Works* v. *Weeks* (1928) 92 Cal.App. 318, 321 [268 P. 412]; *Aetna Life Ins. Co.* v. *Superior Court* (1986) 182 Cal.App.3d 431, 436 [227 Cal.Rptr. 460].)

It is imperative to determine whether the parties were referred to a general reference proceeding, a special reference, traditional mediation, or some combination of these. A general referee, like a temporary judge or private arbitrator, may be empowered to make binding decisions about controverted issues. (See *In re Marriage of Assemi*, *supra*, 7 Cal.4th at p. 907.) Therefore, an oral stipulation before a *general* referee pursuant to section 638, subdivision 1, could support an enforceable settlement agreement pursuant to 664.6. An oral stipulation before a *special* referee pursuant to section 638, subdivision 2, however, cannot satisfy the "before the court" requirement because of the nonbinding nature of the referee's decision.

■ Mediation is generally distinguished as a nonbinding process with the mediator facilitating negotiations between the parties or their attorneys rather than determining controverted issues. (Kovach, Mediation: Principles and Practice (1994) p. 16.) It is not delineated by specific functions the way a section 638 reference proceeding is and, in fact, is often confused with other forms of ADR, such as arbitration. Thus, it would be inappropriate to

---

[3]Section 638 provides as follows: "A reference may be ordered upon the agreement of the parties filed with the clerk, or judge, or entered in the minutes or in the docket, or upon the motion of a party to a written contract or lease which provides that any controversy arising therefrom shall be heard by a reference if the court finds a reference agreement exists between the parties: [¶] 1. To try any or all of the issues in an action or proceeding, whether of fact or of law, and to report a statement of decision thereon; [¶] 2. To ascertain a fact necessary to enable the court to determine an action or proceeding."

adopt a definitive rule that mediation can never be a proceeding "before the court" as meant under section 664.6. Such a rule would hinder the flexible and innovative techniques employed in the ADR process.

We do hold, however, that a traditional mediator who is not authorized by statute, e.g., temporary judge, private arbitrator or general referee under *section 638, subdivision 1*, cannot be "empowered to act in a quasi-judicial capacity" and therefore fails the first part of the *Assemi* test.

Under the present facts, we find that Judge Bonney was neither a general nor a special referee because the proceeding was not properly referenced in accordance with section 638. ■ The courts have made it clear that a trial court may not order a general reference by agreement of the parties pursuant to this section absent written consent. (See, e.g., *Aetna Life Ins. Co.* v. *Superior Court, supra*, 182 Cal.App.3d at p. 436; *Badgley* v. *Van Upp* (1993) 20 Cal.App.4th 218, 224 [24 Cal.Rptr.2d 406].) The recently amended California Rules of Court also provide specific requirements for general or special references. (See Cal. Rules of Court, rules 244.1(a) (Superior Court) and 532.1(a) (Municipal Court).)[4] The written consent requirement is essential to avoid later confusion about the scope of the reference and, more importantly, to authorize any delegation of adjudicative power to the subordinate court officer. A trial court's nonconsensual general reference constitutes an unconstitutional abdication of judicial authority. (Cal. Const., art. VI, § 22; *Aetna, supra*, 182 Cal.App.3d at pp. 435-436.)

Respondents maintain that appellant is estopped from objecting to the legitimacy of the reference proceeding based on the notion that "parties must be held to knowledge of court orders applicable to their case." We find no legal or factual support for respondents' estoppel argument. Moreover, they appear to be asserting a waiver argument under the guise of estoppel. In *Aetna*, the court expressly rejected any reliance on waiver: "While Alternatives to Litigation enjoys increasing public acceptance, the superior court may not delegate its constitutionally conferred judicial power except strictly in accordance with legal requirements. The admittedly desirable goal of reducing the burden of the backlog of cases in the trial courts does not compel ratification of an illegal reference." (182 Cal.App.3d at p. 437.)

---

[4]California Rules of Court require parties to present the trial court with a written agreement requesting an order of reference. The proposed order must include the name and address of the referee, the referee's signature, and the "scope of the reference," i.e. general or special reference.

Judge Bonney's role appears most analogous to a mediator in a voluntary settlement conference.[5] His function was principally to work with the attorneys to achieve an early settlement of the litigation and provide "scrivener" services to memorialize terms of the settlement. He was not empowered by statute to make any binding decisions in the underlying dispute and, by his own admission, never exercised any adjudicative authority. Furthermore, he failed to issue a statement of decision or report to the trial court as required of referees under section 644.[6] Accordingly, any oral settlement agreement reached at the mediation sessions cannot be enforced pursuant to section 664.6 because the "before the court" requirement was not satisfied.

## B. *Section 664.6 Requires Direct Party-litigant Participation*

Respondents argue that regardless of the "before the court" requirement, the alleged oral settlement agreement is enforceable as a contract because it was ratified by appellant's attorney, acting as her agent. We cannot agree in light of recent decisions requiring direct party-litigant participation for enforcement pursuant to section 664.6.

During the pendency of this appeal, California courts decided two cases interpreting the meaning of "parties" as used in section 664.6. In *Levy* v. *Superior Court* (1995) 10 Cal.4th 578 [41 Cal.Rptr.2d 878, 896 P.2d 171], the Supreme Court concluded that the trial court had properly denied enforcement of a written settlement agreement signed by the attorney, but not by the client. The court declared unambiguously that direct party-litigant participation is required to enforce settlement agreements under section 664.6. (10 Cal.4th at pp. 585-586.)

Subsequently, in *Johnson* v. *Department of Corrections* (1995) 38 Cal.App.4th 1700 [45 Cal.Rptr.2d 740], the Third District applied the *Levy* rule to a section 664.6 motion to enforce an oral settlement made by the attorneys during a conference call with the supervising judge. The trial court granted defendant's motion on the ground that plaintiff's attorney was duly authorized to enter into the agreement. The Third District reversed and made clear that "the litigant must personally acknowledge the settlement to the

---

[5]Traditional or "classic" mediation is distinguished from voluntary settlement conference (VSC) by two features: 1) the third party neutral in a VSC takes a more active role and may express an opinion on the merits of the case in an effort to resolve the litigation; and 2) the officer in a VSC also negotiates directly with the attorneys rather than parties themselves as in a "classic mediation." (See Knight et al., Cal. Practice Guide: Alternative Dispute Resolution (The Rutter Group 1995) ¶¶ 3:11, p. 3-3, 3:146-3:148, p. 3-31.)

[6]Section 644 provides as follows: "The decision of the referee or commissioner upon the whole issue must stand as the decision of the court, and upon filing of the statement of decision with the clerk of the court, or with the judge where there is no clerk, judgment may be entered thereon in the same manner as if the action had been tried by the court."

court" to satisfy the conditions of section 664.6. "Consultation between plaintiff and his attorney during the course of negotiations does not constitute the type of direct participation contemplated by *Levy*." (38 Cal.App.4th at p. 1709.)

The *Levy* and *Johnson* opinions appear to reject traditional agency analysis, which holds that " 'the client as principal is bound by the acts of the attorney-agent within the scope of his actual authority (express or implied) or his apparent or ostensible authority; or by unauthorized acts ratified by the client.' " (*Blanton* v. *Womancare, Inc.* (1985) 38 Cal.3d 396, 403 [212 Cal.Rptr. 151, 696 P.2d 645].)

Emphasizing finality of settlement agreements and the impact on parties' substantive rights, the courts fashion a rationale for requiring direct party-litigant participation, which does not appear limited to the statutory methods of enforcing settlement agreements. As the Supreme Court explained in *Levy* v. *Superior Court, supra*, 10 Cal.4th 578, "The litigants' direct participation tends to ensure that the settlement is the result of their mature reflection and deliberate assent. This protects the parties against hasty and improvident settlement agreements by impressing upon them the seriousness and finality of the decision to settle, and minimizes the possibility of conflicting interpretations of the settlement." (*Id.* at p. 585.)[7]

In the underlying case, *Levy* and *Johnson* prevent respondents from relying on agency principles to satisfy the requirements of section 664.6. Accordingly, if appellant did not personally agree to the alleged oral settlement before Judge Bonney, an additional ground exists for concluding that enforcement under section 664.6 was improper.

Respondents appear to rely on their agency theory, however, to assert alternative grounds for affirming the alleged settlement in an effort to take their claim outside the statutory scheme of enforcement. Although oral or written settlement agreements reached as a result of mediation may be binding on the parties under contract principles, respondents cannot avoid the requirements of section 664.6 by asserting a contract claim. Such an action should be brought in a separate motion for summary judgment, a separate suit for equity, or an amendment to the pleadings. (See *Levy* v. *Superior Court, supra*, 10 Cal.4th at p. 586, fn. 5.)

If respondents choose to seek enforcement through one of these nonstatutory means, their agency argument suffers from two principal defects. First,

---

[7]We question whether agency theory can ever be applied in the context of settlement agreements pending litigation in light of the *Levy* and *Johnson* decisions. We refrain from ruling specifically on this issue, however, because the facts are not presently before us.

they fail to assert any facts to show that appellant authorized her attorney, expressly, impliedly or ostensibly, to bind her to a settlement agreement. " '[T]he law is well settled that an attorney must be specifically authorized to settle and compromise a claim, that merely on the basis of his employment he has no implied or ostensible authority to bind his client to a compromise settlement of pending litigation.' " (*Blanton* v. *Womancare, Inc., supra*, 38 Cal.3d at p. 404, quoting *Whittier Union High Sch. Dist.* v. *Superior Court* (1977) 66 Cal.App.3d 504, 508 [136 Cal.Rptr. 86].)

Secondly, as appellant correctly points out, ratification occurs only by a principal, not by an agent. (See Civ. Code, § 2310; see also *Alvarado Community Hospital* v. *Superior Court* (1985) 173 Cal.App.3d 476, 481 [219 Cal.Rptr. 52], affirming "the well-settled rule of agency that a principal will be held to have ratified the agent's actions where he voluntarily accepts the benefits of the unauthorized transaction.")

*Disposition*

For reasons set forth above, we conclude that the alleged oral settlement agreement is not enforceable under section 664.6. The judgment is reversed. Costs are awarded to appellant.

Premo, Acting P. J., and Mihara, J., concurred.