[No. A067406. First Dist., Div. Two. Sept. 6, 1996.]

PHILIP BURCKHARD et al., Plaintiffs and Respondents, v.
DEL MONTE CORPORATION, Defendant and Appellant.

[And six other cases.]*

**COUNSEL**

Hanna, Brophy, MacLean, McAleer & Jensen and Neville H. McGilchrist for Defendant and Appellant.

Brayton, Harley & Curtis, Alan R. Brayton, Philip A. Harley and David A. Weldy for Plaintiffs and Respondents.

**OPINION**

**LAMBDEN, J.**—Del Monte Corporation (Del Monte) appeals the trial court's enforcement of seven settlements pursuant to Code of Civil Procedure section 664.6.[1] The seven actions were consolidated for the purpose of this appeal.

Del Monte contends the trial court erred because (1) the litigants did not sign the alleged agreement, making it unenforceable under section 664.6; (2) the Workers' Compensation Appeals Board had exclusive jurisdiction over approval of the settlement; (3) no agreement occurred between the parties because Del Monte never had the requisite intent and a unilateral mistake voided the agreement; and (4) Del Monte should have received relief from judgment under section 473.

While this appeal was pending, the Supreme Court decided *Levy* v. *Superior Court* (1995) 10 Cal.4th 578 [41 Cal.Rptr.2d 878, 896 P.2d 171] (*Levy*). The court in *Levy* defined "parties" for the purposes of section 664.6 as meaning the actual litigants rather than counsel of record. The litigants in this case did not sign the writings, and since we find *Levy* applies retroactively, we reverse. We do not need to address the other grounds for appeal raised by Del Monte.

BACKGROUND

Philip Burckhard and six other plaintiffs (Respondents) filed separate complaints for personal injury resulting from asbestos exposure, and they alleged premises liability against Del Monte. The law firm of Brayton, Gisvold & Harley represented these seven plaintiffs as well as other plaintiffs claiming premises liability against Del Monte. Prior to the events that

---

[1]Unless otherwise designated, all code sections refer to Code of Civil Procedure.

are the subject of this lawsuit, the attorneys had settled other premises liability lawsuits with no settlement exceeding $2,000.

Against this backdrop, counsel for Del Monte signed a letter dated May 27, 1994, offering to settle eight separate lawsuits, including the claims of Respondents and another plaintiff, Harold Carter. The letter stated, in part: "Del Monte Corporation will pay $8,000.00 for a full release of liability in each of the above-referenced actions, and any related workers' compensation claims." On that same date, counsel for Del Monte wrote to the senior risk analyst at Del Monte and explained: "Per your instructions to Mr. Sennett, I drafted a letter to Mr. Brayton offering $8,000.00 to settle all asbestos personal injury, premise liability cases against Del Monte Corporation. A copy of that letter is enclosed for your review and approval."

On June 1, 1994, counsel for Del Monte sent a letter to counsel for Respondents, offering $1,000 to settle Carter's claim. The letter was addressed to Attorney Eric Wagner of Brayton, Gisvold & Harley. The following day, Del Monte's attorney sent another letter to Wagner agreeing to settle for $1,000.

On the same date Del Monte agreed to settle Carter's claim, Attorney Alan R. Brayton of Brayton, Gisvold & Harley signed and sent a letter attempting to accept $56,000 to settle the seven cases involved in this appeal. Del Monte's counsel immediately responded by facsimile, explaining plaintiffs' counsel had misconstrued the offer as Del Monte intended to offer a total of $8,000 for the eight cases.

On June 20, 1994, the seven plaintiffs filed a motion to enforce settlement pursuant to section 664.6 and, alternatively, for summary judgment. Del Monte filed opposition to this motion two days late. The trial court granted Respondents' motion for judgment pursuant to section 664.6 and did not rule on the motion for summary judgment. The minute order stated the court did not consider the opposition papers, but the order entering judgment said it reviewed the "opposing papers."[2] The court denied Del Monte's motion for reconsideration and relief pursuant to section 473.

### DISCUSSION

No party disputes the fact the clients did not sign the writings. The Supreme Court in *Levy, supra,* defined "parties" under section 664.6 as the litigants and not their counsel. (10 Cal.4th 578.) Section 664.6 states, in part:

---

[2]Although these orders conflict, the order entering judgment supersedes the minute order and we consider Del Monte's opposition as part of the record.

"If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." Thus, we must decide whether the court erred when it enforced the settlement pursuant to section 664.6 though no client signed the writings.

Del Monte contends the court erred in granting the motion for settlement pursuant to section 664.6 given the holding in *Levy*. Respondents disagree and argue (1) *Levy* does not apply retroactively, (2) Del Monte waived raising this issue on appeal, and (3) substantial evidence supported the trial court's judgment. As discussed below, we find *Levy* applies retroactively and no waiver occurred.

*Standard of Review*

■ Respondents maintain the proper standard of review is substantial evidence. Although that is the standard of review for a trial court's factual determination on a motion to enforce settlement pursuant to section 664.6 (*In re Marriage of Assemi* (1994) 7 Cal.4th 896, 911 [30 Cal.Rptr.2d 265, 872 P.2d 1190]), we are not reviewing a factual determination.[3] Instead, we must decide the construction and application of a statute. Such an inquiry is a question of law and requires independent review. (*Murphy* v. *Padilla* (1996) 42 Cal.App.4th 707, 711 [49 Cal.Rptr.2d 722].)

*Retroactivity*

■ As Respondents acknowledge, we usually apply judicial decisions retroactively. (*Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 305 [250 Cal.Rptr. 116, 758 P.2d 58].) This case represents an exception to the general rule, they claim, because the parties justifiably relied on prior law. In 1994, at the time of the offer, some courts defined parties in section 664.6 to mean the attorneys of record. (See, e.g., *Diaz*

---

[3]Although not necessary to our decision, it is doubtful this case could be affirmed even with the substantial evidence standard. Little evidence supported a finding of intent by Del Monte to settle for $56,000. In addition to Del Monte's failure to sign the offer, the following evidence evinced no intent: the past history of settlements between Del Monte and other plaintiffs resulting in no settlement over $2,000; Carter's settlement for $1,000; the letter from Del Monte's counsel to their client stating Del Monte authorized settlement of eight claims for a total of $8,000; and the immediate response (to the acceptance letter) by Del Monte's counsel explaining Del Monte intended to settle for a total of $8,000.

v. *May* (1993) 15 Cal.App.4th 1268, 1273 [19 Cal.Rptr.2d 409] (*Diaz*); *Haldeman* v. *Boise Cascade* (1985) 176 Cal.App.3d 230, 233-234 [221 Cal.Rptr. 412].) *Diaz,* the most recent Court of Appeal decision at the time of Del Monte's offer, held courts could enforce agreements signed by counsel on behalf of their clients pursuant to section 664.6. Therefore, Respondents conclude, they reasonably relied on *Diaz*'s definition of "parties."

When deciding whether to apply a judicial decision retroactively, we must make the threshold inquiry as to whether it represents a new standard or rule of law. (*Donaldson* v. *Superior Court* (1983) 35 Cal.3d 24, 36 [196 Cal.Rptr. 704, 672 P.2d 110].) If we answer no, we must automatically apply the decision retroactively. A decision resolving a conflict between lower courts does not represent a new standard or rule of law. (*Ibid.*) Moreover, a conflict among the courts bars a claim of justifiable reliance because ". . . there was no clear rule on which anyone could have justifiably relied." (*People* v. *Guerra* (1984) 37 Cal.3d 385, 400 [208 Cal.Rptr. 162, 690 P.2d 635].) Respondents argue *Diaz, supra,* created justifiable reliance because it represented the most recent decision at the time of Del Monte's offer. (15 Cal.App.4th 1268 [19 Cal.Rptr.2d 409].) However, the holding of the most recent decision does not create justifiable reliance: *Diaz* did nothing to promote a uniform rule on which Respondents could justifiably rely.

The court in *Levy, supra,* specifically stated it was resolving the conflicting definition of "party" provided by the lower courts. (10 Cal.4th 578, 581.) (Compare *Nicholson* v. *Barab* (1991) 233 Cal.App.3d 1671 [285 Cal.Rptr. 441] [attorney's signature without that of the parties does not create a binding agreement] with *Diaz, supra,* 15 Cal.App.4th 1268 [attorney's signature alone does create an enforceable settlement].) Thus, *Levy* applies retroactively[4] and Respondents cannot claim justifiable reliance.[5]

---

[4]Other courts have also applied *Levy* retroactively. (See *Johnson* v. *Department of Corrections* (1995) 38 Cal.App.4th 1700 [45 Cal.Rptr.2d 740]; *Murphy* v. *Padilla, supra,* 42 Cal.App.4th 707; *Cortez* v. *Kenneally* (1996) 44 Cal.App.4th 523 [51 Cal.Rptr.2d 671]; *Robertson* v. *Chen* (1996) 44 Cal.App.4th 1290 [52 Cal.Rptr.2d 264].)

[5]Respondents also argue policy considerations support applying *Levy* prospectively. When a decision resolves a split of authority the decision has automatic retroactive application and we do not consider issues of policy. However, policy considerations would also mandate applying *Levy* retroactively. The court in *Levy* explained its decision by stating "settlement is such a serious step that it requires the client's knowledge and express consent. [Citation.]" (*Levy, supra,* 10 Cal.4th 578, 583.) "This protects the parties against hasty and improvident settlement agreements by impressing upon them the seriousness and finality of the decision to settle, and minimizes the possibility of conflicting interpretations of the settlement. [Citations.]" (*Id.* at p. 585.) Thus, the policy of preventing conflicting interpretations and claims of mistake—the exact events occurring here—fueled the holding in *Levy.*

*Waiver*

■ Even if we apply *Levy* retroactively, Respondents argue, Del Monte waived its right to appeal.[6] They claim waiver because Del Monte (a) did not raise the issue in the trial court, (b) failed to object when the court admitted the writings into evidence, and (c) invited the error. As explained below, we find no waiver.

Del Monte waived its right to appeal the judgment, Respondents assert, because it did not raise the issue of the signatories' identity in the trial court. Del Monte challenged the validity of the agreement, but did not specifically raise the issue of the clients' failure to sign the writings.

As Respondents argue, we do not ordinarily consider issues not raised at trial. (*Wilson* v. *Lewis* (1980) 106 Cal.App.3d 802, 805 [165 Cal.Rptr. 396].) However, when the issue involves undisputed evidence and raises a pure question of law, we may consider it for the first time. (*Ibid.*) The sole issue before us involves the statutory requirements of section 664.6 so waiver does not prevent Del Monte from appealing the judgment.

In addition, Respondents allege waiver because Del Monte never objected to the court's admitting the writings into evidence. Evidence Code section 353 states a judgment shall not be reversed "by reason of the erroneous admission of evidence unless: [¶] (a) There appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion." Respondents assert Evidence Code section 353 prevents Del Monte from now basing its appeal on the writings not having the proper signatures.

This argument is irrelevant to Del Monte's appeal. Del Monte does not claim the court erred by admitting the writings into evidence. Rather, it argues the evidence did not meet the statutory requirements of section 664.6.

Finally, Respondents argue waiver based on "invited error" doctrine. Del Monte expressly or implicitly agreed to the "improper" procedure by sending the offer without an instruction to have it signed by the actual parties. Del Monte invited the error, so, Respondents maintain, it cannot claim error based on improper procedure.

The "invited error" doctrine has no relevance to this appeal. It refers to affirmative acts leading the *court* into error, not conduct inducing the

---

[6]Respondents also urge us to affirm the judgment by granting a summary judgment motion pursuant to section 437c. However, for the reasons stated in footnote 3, *ante*, a triable issue of fact existed as to Del Monte's intent.

opposition to make a mistake. Del Monte did not invite the court to err and had no responsibility under the "invited error" doctrine to ensure plaintiffs complied with the statutory requirements. Estoppel, too, does nothing to promote Respondents' position, because as already discussed, they cannot establish justifiable reliance.

## CONCLUSION

We find *Levy* applies retroactively so the trial court erred when it found writings signed by the attorneys alone created an enforceable settlement pursuant to section 664.6. Accordingly, we reverse.

Kline, P. J., and Haerle, J., concurred.